IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Juliane M. Iverson, Disability Review and Appeal Whistleblower, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:11-cv-41 |
| VenuWorks/Compass Facilities Management, Inc./Alerus Center and Camrud Maddock Olson & Larson Ltd., | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

Plaintiff Juliane M. Iverson ("Iverson") submitted for filing a *pro se* complaint. The court previously granted Iverson's motion for leave to proceed *in forma pauperis*. Iverson names "VenuWorks/Compass Facilities Management, Inc./Alerus Center and Camrud Maddock Olson & Larson Ltd." as the defendants. Approximately two months ago Iverson named the same defendants in a case filed with this court. See Iverson v. VenuWorks, Case No. 2:11-cv-17. Additionally, in other previous cases Iverson has named the same defendants. See Iverson v. Camrud, Maddock, Olson & Larson Ltd., Case No. 2:07-cv-77, Iverson v. Compass Facilities Mgmt., Inc., Case No. 2:09-cv-54. All of those cases were dismissed for lack of subject matter jurisdiction, and this case must be dismissed for the same reason.

Federal courts hold only limited jurisdiction. They have only the power authorized by Article III of the Constitution and by Congressional statute enacted pursuant to Article III. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). It is fundamental that the court must have subject matter jurisdiction in order to take any action on the case before it. Matter of Buchanon, 600 F.2d 160, 164 (8th Cir. 1979). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The two major bases of federal subject matter jurisdiction are diversity and federal question. See 28 U.S.C. §§ 1331-1332. Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Soulutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity jurisdiction, a corporation may be the citizen of two states, the state in which it has been incorporated, and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

As to federal question jurisdiction, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, a federal court does not obtain jurisdiction simply because a plaintiff raises any federal question in her complaint. See Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005). Federal question jurisdiction exists only when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Id. at 906. If the asserted basis of federal question jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Id. at 907.

Iverson's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as required by Rule 8(a) of the Federal Rules of Civil Procedure. Iverson's complaint contains few statements, if any, about the nature of the action which she has filed. Rather, Iverson's complaint consists of a printout of her benefit history, a note regarding her status at Vocational Rehabilitation Services, a transcript of a monthly meeting of the Grand Forks Events Center Commission, a continuing disability review

report photocopied on the same page of a memo to employees of Compass Facility Management, Inc. regarding their time clock system, and correspondence and documents which appear to relate to other legal claims she has made in the past. Her complaint does not lend itself to any rational interpretation. The court is unable to discern any coherent facts about the nature of her claims or the jurisdictional basis of her claims.

The court has previously determined there is not complete diversity between Iverson and the defendants. See Iverson v. VenuWorks, Case No. 2:11-cv-17, Docs. #7, #9; Iverson v. Camrud, Maddock, Olson & Larson Ltd., Case No. 2:07-cv-77, Doc. #17; Iverson v. Compass Facilities Mgmt., Inc., Case No. 2:09-cv-54, Doc. #22. Furthermore, the court does not have federal question jurisdiction. The court is unable to discern any facts or claims posed by Iverson's complaint which would give her the right to relief based on resolution of a substantial question of federal law. Even assuming there is subject matter jurisdiction, Iverson's complaint would still be subject to dismissal for failure to comply with any of the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, it is **RECOMMENDED** that:

1. Juliane M. Iverson's complaint be **DISMISSED** without prejudice for lack of subject matter jurisdiction;
2. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and
3. A certificate of appealability not be issued with respect to any of the issues raised by Juliane M. Iverson in this action.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than May 13, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 28th day of April, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge